UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.   Case No. 8:07-cv-1575-T-27MAP

DANIEL L. PREWETT, et al.,

Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Frances Carlson and Natalie Swaney's Motion to Dismiss (Dkt. 29) and the United States' Response (Dkt. 32). Upon consideration, Defendants' Motion to Dismiss is DENIED.

The United States alleges that Defendants have operated a tax return preparation business for individuals, partnerships and corporations. The Complaint alleges that Defendants have filed or caused to be filed false federal tax returns and have actively encouraged, advised, and instructed their employees to prepare tax returns that understated income, inflated expenses, and included false claims for the earned income tax credit. (Dkt. 1, ¶¶ 38-39). The Complaint alleges that these activities have been continuous since 2002. (Dkt. 1, ¶ 38). The United States seeks an injunction pursuant to the Internal Revenue Code, 26 U.S.C. §§ 7402(a), 7407 and 7408, to enjoin Defendants' alleged activities.[1]

---

[1] Section 7402(a) authorizes the Court "to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Section 7407 authorizes the Court to enjoin a federal tax return preparer from engaging in conduct subject to penalty under §§ 6694 or 669 or any criminal penalty; misrepresenting his eligibility to practice, experience or education;

Defendants Frances Carlson and Natalie Swaney move to dismiss the Complaint for failure to plead fraud with sufficient particularity pursuant to Fed. R. Civ. P. 9(b). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). Although Rule 9(b) requires fraud to be plead with particularity, "Rule 9(b) must be read in conjunction with Rule 8(a) [of the Federal Rules of Civil Procedure], which requires plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (citations omitted). Rule 9(b) does not "abrogate the concept of notice pleading." *Id.* (citing *Durham*, 847 F.2d at 1511). Under Rule 9, "Plaintiff's Complaint need only provide a reasonable delineation of the underlying acts and transactions constituting the fraud." *In re Catalina Marketing Corp. Sec. Litig.*, 390 F. Supp. 2d 1110, 1115 (M.D. Fla. 2005) (citations omitted) (plaintiffs sufficiently alleged accounting fraud by describing the scheme in detail and identifying at least one executive and one or more customer involved in each accounting practice at issue).

To satisfy Rule 9(b), Plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the

---

guaranteeing the payment of any tax refund or the allowance of any tax credit; or engaging in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws. Likewise, § 7408 authorizes injunctive relief for activities subjecting Defendants to penalties under §§ 6700, 6701, 6707, 6708 or in violation of any requirement under regulations under 31 U.S.C. § 330.

content and manner in which these statements misled the Plaintiffs; and 4) what the defendants gained by the alleged fraud." *Brooks*, 116 F.3d at 1380; *see also United States ex rel Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (plaintiff must plead facts relating to the time, place and substance of the alleged fraud to comply with Rule 9). However, "alternative means are also available to satisfy the rule." *Durham*, 847 F.2d at 1512 (citing *Seville Indus.*, 742 F.2d at 791) (list containing allegations of fraud describing nature and subject of misrepresentations found to be sufficient, even where precise words used were not alleged)); *see also Colonial Penn. Ins. Co. v. Value Rent-A-Car, Inc.*, 814 F. Supp. 1084, 1092 (S.D. Fla. 1992) (allegations that described alleged scheme in considerable detail but did not contain date, place or time of misrepresentations were sufficient under Rule 9); *United States v. Straub Clinic and Hosp.*, 140 F. Supp. 2d 1062, 1068 (D. Haw. 2001) (complaint that discussed common practices and outlined examples of false claims, but did not match examples with specific dates or people, satisfied Rule 9); *Ga. Gulf Corp. v. Ward*, 701 F. Supp. 1556, 1560 (N.D. Ga. 1987) (failure to plead exact dates of kickbacks did not render complaint insufficient where complaint clearly showed who received kickbacks, who paid them and how they were paid); *Gardner v. Surnamer*, 599 F. Supp. 477, 481 (D.C. Pa. 1984) (complaint that identified parties and their roles in transaction at issue, as well as eleven specific examples of misrepresentations and omissions, was sufficient under Rule 9 to put defendants on notice and allow them to respond).

In this case, the United States has alleged a detailed and complex tax fraud scheme spanning from 2002 to the present. The Complaint alleges that Defendant Prewett employed Defendants Carlson and Swaney as income tax preparers and that Defendant Swaney began working for Defendant Prewett as an income tax preparer in early 2003. (Dkt. 1, ¶¶ 22, 24). It also alleges the

3

place where the alleged fraud occurred. (Dkt. 1, ¶¶ 7, 19, 21). The 25-page Complaint alleges, among other things, that Defendants, including Carlson and Swaney, prepared federal income tax returns for individuals that falsely and fraudulently understated their tax liabilities, prepared false and fraudulent Schedules A and C for tax returns that included fictitious or inflated expenses to reduce or eliminate customers' wage income and bogus claims for refundable tax credits, prepared corporate and partnership federal income tax returns that contained bogus and false information, helped customers organize partnerships to reduce or eliminate their reported tax liability by fraudulently deducting expenses on corporate, partnership, or entity tax returns and then claiming the same deductions on the customers' individual income tax returns, omitted income on customers' individual tax returns that was reported as paid to them on the customers' entity returns, and by claiming deductions as business expenses that were in actuality personal expenses with no valid business purpose. (Dkt, 1, ¶¶ 25, 26, 27, 28, 29, 40, 41, 45). The Complaint contains over a dozen specific examples which, while they do not identify the name of the customer, do provide the tax year for which the return was prepared, the reasons why the return was allegedly fraudulent, and the amounts reported. (Dkt. 1, ¶¶ 28, 29, 42, 43, 44, 46).

In addition to the allegations applicable to the defendants collectively, the Complaint specifically alleges that Carlson personally delivered an LLC agreement for a sham entity to a customer to fraudulently deduct the cost of a yacht, Carlson deducted depreciation and interest expenses associated with the purchase of the yacht from the LLC's 2003 federal tax return, Defendant JH Accounting Services applied for a firm license under the false representation that Swaney, rather than Prewett, owned the company, Carlson directed employees not to include 1099 income on customers' tax returns in order to improperly claim the maximum earned income tax

credit, Swaney prepared a fraudulent 2004 tax return for an S Corporation related to a customer's wall-covering business, and Swaney concealed information from a revenue agent during an audit. (Dkt. 1, ¶¶ 30, 33, 44, 50). The Complaint also contains a chart with nine examples for tax year 2004-2005 in which income that is reported as paid to a customer on the customer's entity return is omitted from the customer's individual return. The chart indicates that, in eight of the nine examples, Carlson or Swaney prepared either the corporate or individual return, or both. (Dkt. 1, ¶¶ 45, 46).

The Complaint further alleges that since 2002, Defendants have prepared approximately 7,500 individual tax returns annually, many of which understated their customers' tax liabilities, and that Defendants have prepared fraudulent corporate and partnership returns. (Dkt. 1, ¶ 25, 27). The Complaint alleges that Defendants' scheme has caused losses in excess of $130 million. (Dkt. 1, ¶¶ 62-64).

The United States' Complaint sufficiently alleges the time, place and substance of Defendants' alleged fraud and reasonably delineates the underlying acts and transactions that made up Defendants' scheme. *See Lab Corp. of Am.*, 290 F.3d at 1310; *In re Catalina Marketing Corp. Sec. Litig.*, 390 F. Supp. 2d at 1115. It alleges each Defendants' role in the alleged tax fraud scheme. The alleged scheme spanned over multiple years and involved plausibly thousands of federal income tax returns. The Complaint is not required to specify each allegedly fraudulent tax return prepared over multiple years in order to meet the requirements of Rule 9. *Bankest Imports, Inc. v. ISCA Corp.*, 717 F. Supp. 1537, 1541 (S.D. Fla. 1989) ("As the instant dispute involves performance under a contract which spans almost 7 years, the Court will not require Defendant to detail each and every incident of Plaintiff's alleged fraud."). While the Complaint could have been more specific by

identifying customers by name, it cannot be said that the Complaint fails to alert Defendants to the precise misconduct with which they have been charged. *Durham,* 847 F.2d at 1511. The Complaint sufficiently states a claim against Defendants in accordance with Fed. R. Civ. P. 9(b).

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Frances Carlson and Natalie Swaney's Motion to Dismiss (Dkt. 29) is **DENIED**.

**DONE AND ORDERED** in chambers this 27th day of March, 2008.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record